IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM L. LAMEY, individually, and on behalf of a class (or classes) of similarly situated individuals,<br><br>Plaintiff(s),<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC, d/b/a the NAVIENT CORPORATION, d/b/a NAVIENT SOLUTIONS, INC., d/b/a SLM, INC., f/k/a SALLIE MAE<br><br>Defendant. | Civil Action No. 3:17-CV-945-WHB-JCG<br><br>Class Action Complaint under the Telephone Consumer Protection Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA)<br><br>Jury Trial Demanded |

## **COMPLAINT**

THE PLAINTIFF, William L. Lamey, individually, and as prospective Class(es) Representative, on behalf of all of those similarly situated, under Federal Rule of Civil Procedure 23, files suit against the above-named Defendant, and pleads as follows:

*(JURY TRIAL DEMANDED; AND
REQUEST FOR CLASS CERTIFICATION(S) UNDER F.R.C.P. 23)*

## **INTRODUCTION**

1. Plaintiff, William L. Lamey ("Plaintiff" or "Mr. Lamey") brings this action for himself, and on behalf of all persons in the United States who have suffered violations under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*; or the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq.*, based upon unlawful acts and practices in connection with Defendant's servicing and collection of borrowers', like Mr. Lamey's, Navient-serviced student loans accounts.

2. Navient, formerly known as Sallie Mae, Inc., is the largest student loan servicer in the United States. Navient services the loans of more than 12 million borrowers, including over 6 million customer accounts under a contract with the U.S. Department of Education, and more than $300 billion in federal and private student loans.

3. Navient's principal responsibilities as a servicer include managing borrowers' accounts; processing monthly payments; assisting borrowers to learn about, enroll in, and remain in alternative repayment plans; and communicating directly with borrowers about the repayment of their loans.

4. Upon information and belief, and since at least July 2011, tens of thousands of borrowers and cosigners have filed complaints with Navient, the Bureau, other governmental and regulatory agencies, and other entities about the difficulties and obstacles they have faced in the repayment of their federal and private student loans serviced by Navient.

## THE PARTIES

*(The Plaintiff)*

5. Plaintiff, William L. Lamey, is a Mississippi citizen who resided, for all relevant periods, in Jackson, Hinds County, Mississippi, and who may be served via his counsel-of-record in this matter.

6. Plaintiff's substantial contacts with the Defendant in this matter occurred from his (former) home: at 5428 Jamaica Drive, Jackson, Mississippi 39211.

7. Further, Plaintiff, like the FDCPA and TCPA Class Members that he seeks to represent in this lawsuit, has suffered harm as a direct result of violations of Navient's

knowing, and repeated, violations of both the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

*(The Defendant)*

8. The Defendant, Navient Solutions, LLC ("Navient"), d/b/a the Navient Corporation, has been formerly known as: Sallie Mae, Inc., Sallie Mae, and Navient Solutions, Inc. Navient is a Delaware limited liability company with its principal offices located in Reston, Virginia. Navient is registered with the Mississippi Secretary of State's Office as a foreign corporation authorized to conduct business in the State of Mississippi. principally engages in servicing of federal and private student loans for more than 12 million borrowers. At all times material to this Complaint, Navient has been located and transacted business in this judicial district.

9. Navient (via its current holding/parent company, Navient Solutions, LLC) may be served with process via its registered agent with the Mississippi Secretary of State: Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

10. Navient, at all times material to this Complaint, engaged in debt collection activities related to outstanding and delinquent student loans on behalf of several owners of federal student loans. Thus, the Navient Defendants are a "debt collector(s)" under the FDCPA. 15 U.S.C. § 1692(a)(6).

11. Navient at all times material to this Complaint, utilized one, or more, automated dialing systems to initiate the unlawful (and non-consented to) telephone-collection calls to Mr. Lamey, Mr. Lamey's mother, his stepfather (at the stepfather's place of employment), and even to an ex-girlfriend of Mr. Lamey's.

12. Following a corporate reorganization in 2014, Navient Corporation was the successor to SLM, Inc., d/b/a Sallies Mae, and Navient, LLC. As part of this reorganization, Navient Corporation assumed certain liabilities related to the servicing and collection activities of SLM, Inc. d/b/a Sallie Mae, Navient, LLC, and their subsidiaries.

13. SLM, Inc., d/b/a Sallie Mae, was awarded the servicing-contract with the U.S. Department of Education in 2009, and that contract continues to be in force to the present (subject to various modifications that the parties to that contract have executed). All documents related to that contract were signed in the name of SLM, Inc. (or Corporation), or, subsequently, Navient, LLC. Accordingly, as a result of the 2014 corporate reorganization, Navient Corporation (via its holding/parent company, Navient Solutions, LLC), is currently the entity that contracts with the U.S. Department of Education for the servicing of federal student loans, as well as being a main third-party servicer and collector of private student loan debt throughout the United States.

14. In public statements, including annual 10-K filings with the U.S. Securities and Exchange Commission, Navient Corporation (including its predecessor SLM, Inc.) has boasted about its capabilities with respect to student loan servicing and collection, including helping consumers navigate the path to financial success and select the appropriate payment plan for their circumstances. Navient Corporation has also indicated that it is responsible for overseeing the strategic direction and business goals of its subsidiaries. For instance, Navient Corporation's 2015 10-K filing includes the following statements:

- "Navient [Corporation] is the nation's leading loan management, servicing and asset recovery company, committed to helping customers navigate the path to financial success. Servicing more than $300 billion in education loans, Navient

- [Corporation] supports the educational and economic achievements of more than 12 million customers."

- "Navient [Corporation] services loans for more than 12 million … customers, including 6.3 million customers whose accounts are serviced under Navient [Corporation]'s contract with ED. We help our customers navigate the path to financial success through proactive outreach and emphasis on identifying the payment plan that best fits their individual budgets and financial goals."

- "The Navient [Corporation] board of directors and its standing committees oversee our strategic direction, including setting our risk management philosophy, tolerance and parameters; and establishing procedures for assessing the risks our businesses face as well as the risk management practices our management team develops and implements."

- "Each business area within our organization is primarily responsible for managing its specific risks following processes and procedures developed in collaboration with our executive management team and internal risk management partners."

15. Navient Solutions, LLC, d/b/a Navient Corporation consented to, has knowledge of, has materially participated in, and has controlled the activities of Navient Solutions, Inc. and all other relevant Navient predecessor or subsidiary business entities material to the facts pleaded in this Complaint.

## JURISDICTION

16. This is a class action. The proposed nationwide (and state-wide sub-classes) classes under the FDCPA, and the TCPA, respectively, are described, *infra*, in this Complaint.

17. Complete diversity of state citizenship exists in this suit. Further, and as a separate, independent basis for this Court's jurisdiction in this matter, questions of federal law pertaining to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*.,

and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq.*, are raised by the filing of this Complaint.

18.     On information and belief, aggregate claims of individual Class Members exceed $35,000,000.00 in value, exclusive of interest and costs.

19.     Jurisdiction is proper in this Court pursuant to both 28 U.S.C. § 1332(d) and 28 U.S.C. 1331.

## VENUE

20.     The Defendant, through its intentional business activities with Plaintiff in Jackson, Hinds County, Mississippi, has established sufficient contacts in this district such that personal jurisdiction is appropriate.

21.     In addition, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

22.     Venue is proper in this Court under 28 U.S.C. § 1391(a).

## FACTS

**Navient's (Repeated and Knowing) Violations of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.**

23.     Plaintiff, William Lamey ("Mr. Lamey" or "Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

24.     At all relevant times herein, Navient Solutions, LLC ("Navient" or "Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff that qualifies as a "debt," as defined by 15 U.S.C. §1692a(5).

Navient regularly attempts to collect third-party debts alleged to be due, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

25. Navient acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers in connection with the facts pleaded in this Complaint.

26. Navient has violated the above federal consumer protection laws (the FDCPA and the TCPA) as relates to Plaintiff, and the Class Members, as follows: repeated unlawful debt-collection telephone calls to telephone numbers that were never provided to Navient, nor in which Navient was authorized by the borrowers to contact them at said telephone numbers (in the case of Plaintiff, Mr. Lamey, more than 80 unauthorized and unlawful collection-calls were made to multiple cellular telephones of Mr. Lamey's that were never provided to Navient at the time of these more than 80 unlawful collection-calls); other unauthorized and unlawful collection activities and communications from Navient to Plaintiff and Class Members in violation of the requirements of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

## Factual Allegations - TCPA

27. Beginning on or about May/June 2015, Navient contacted Plaintiff on his cellular telephone number ending in -4199, in an effort to collect an alleged debt owed from Plaintiff.

28. Then, beginning on July 1, 2015, Navient contacted Plaintiff on his new cellular telephone number(s) ending in -4199, in an effort to collect an alleged debt owed from Plaintiff.

29. Then, also beginning in early July 2015, Navient began to contact Plaintiff on his other new cellular telephone number(s) ending in -8033, and -2475, respectively, in an effort to collect an alleged debt owed from Plaintiff. The purpose for the Plaintiff obtaining new cellular telephone numbers was, in large part, to avoid telephonic automated-dialing-system harassment on the part of Navient, the servicer/collector of Mr. Lamey's private student loans.

30. In its efforts to collect the alleged debt owed from Plaintiff, Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its daily calls to Plaintiff seeking to collect an alleged debt owed.

31. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

32. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

33. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A). Furthermore, Plaintiff orally revoked any and all consent to be contacted using an automated telephone dialing system, to the extent any ever existed.

34. An illustrative, but not exhaustive, list of the unlawful debt-collection telephone calls received by Plaintiff, and that were made by Navient to numbers never disclosed to Navient, is attached, and incorporated into, this Complaint as Collective Exhibit

"1". Plaintiff is entitled to statutory damages, attorney's fees, costs of litigation, and punitive (treble) damages as a result of these intentional and malicious FDCPA and TCPA violations on the part of Navient.

### Factual Allegations - FDCPA

35. Without waiving any attorney-client privilege, Plaintiff did not discover the Fair Debt Collection Practice Act violations pleaded in this Complaint until he learned of them, from (current) counsel, on May on or about May 5, 2017. Thus, the FDCPA claims pleaded in this Complaint are not time-barred under the applicable statute of limitations until May 5, 2018.

36. In addition to the facts pleaded above, at various times prior to the filing of the instant Complaint, Defendant, Navient, contacted Plaintiff in an attempt to collect an alleged outstanding debt.

37. Prior to receiving the harassing and unlawful telephone calls to multiple cellular telephones owned by Plaintiff that serve as the basis for this TCPA and FDCPA lawsuit, Plaintiff had disputed his alleged debt with Navient and had requested Navient's assistance in getting these private student loans on the best possible repayment plan(s) to avoid the telephonic collection-harassment, and destruction of his credit history, that ultimately occurred. Instead of informing Mr. Lamey about available income-based-repayment (IBR) repayment plans, Navient instead engaged in "Rambo" style collection, and telephonic harassment, activities.

38. On or about May/June 2015, Plaintiff began receiving numerous calls from Defendant.

39. These calls continued well into 2015, and, upon information and belief, well into year 2016. Navient's own records are expected to prove these details.

40. On several of these occasions, Mr. Lamey told Navient to stop calling him (and his mother; and his stepfather at his place of employment; and especially, to stop calling Mr. Lamey's **ex-**girlfriend – all whose telephone numbers Navient never should have possessed in the first place).

41. Each of the calls referenced, above, is a violation of the FDCPA. Contacting parents, stepparents at their place of employment, and contacting ex-girlfriends from when the Plaintiff was in college constitute egregious violations of the FDCPA (and the TCPA).

42. Defendant, Navient's, conduct violated the FDCPA in multiple ways, including but not limited to:

(a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

(b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

(c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including… (§ 1692d));

(d) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§ 1692b & § 1692c(b));

(e) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§ 1692b(1) & § 1692c(b));

(f) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§ 1692b(2) & § 1692c(b)); and

(g) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§ 1692b(3) & § 1692c(b)).

43. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer injury to his feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Navient is liable to Mr. Lamey, and the classes he seeks to represent under the TCPA and the FDCPA, for all actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS UNDER THE TCPA AND THE FDCPA

44. Plaintiff brings this lawsuit as a class action on behalf of himself, individually, and all others similarly situated as members of the proposed Classes pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

45. The Two Classes (and their state-specific Sub-Classes) are defined as:

**Nationwide TCPA Class:** All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

**Mississippi TCPA Sub-Class:** All persons within the state of Mississippi who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

**Nationwide FDCPA Class:** All persons within the United States who received any telephone calls from Defendant, for the purpose of collecting a third-party debt, in which the Defendant engaged in any of the activities described in Paragraph 42(a)-(g) of this Complaint, in which such collection-calls were made within one year prior to the filing of this Complaint.

**Mississippi FDCPA Sub-Class:** All persons within the state of Mississippi who received any telephone calls from Defendant, for the purpose of collecting a third-party debt, in which the Defendant engaged in any of the activities described in Paragraph 42(a)-(g) of this Complaint, in which such collection-calls were made within one year prior to the filing of this Complaint.

46. Excluded from the Classes and Sub-Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein. Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.

47. <u>Numerosity</u>: Although the exact number of Class Members for each of these proposed Classes is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members for each of these three proposed Classes are readily identifiable from information and records in Defendants' possession.

48.     Typicality: Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, has suffered the telephonic and collection abuses that nearly identical to claims of the Class Members. The claims of the members of the proposed classes in this lawsuit are each typical of one another due to the fact that they are common, and similar, losses that have occurred as a result Defendants' various, and consistent, patterns of misconduct.

49.     Commonality: There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members. These common legal and factual issues have been pleaded, above, in this Complaint.

50.     Adequate Representation: Plaintiff will fairly and adequately protect the interests of the Class Members of each of the proposed Classes in this Complaint. Plaintiff has retained attorney(s) experienced in the prosecution of class actions, including consumer class actions, and Plaintiff, and his counsel, intend to prosecute this action vigorously, and through trial and appeal(s), if necessary.

51.     Predominance and Superiority: Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of *some* of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress

for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION
### (Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.*)

52.  Plaintiff incorporates by reference the facts pleaded in the preceding paragraphs of this Complaint.

53.  The above-referenced acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

54.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55.  Plaintiff and the TCPA Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.*)

56.  Plaintiff incorporates by reference the facts pleaded in the preceding paragraphs of this Complaint.

57. The above-referenced acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff and the TCPA Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
**(Violations of the Fair Debt Collection Practices Act
15 U.S.C. § 1692 *et seq.*)**

60. Plaintiff incorporates, by reference, all of the facts pleaded in the preceding Paragraphs of this Complaint.

61. For all relevant periods to this Complaint, Navient was covered as a "debt collector" under the FDCPA.

62. Likewise, Plaintiff, and FDCPA Class Members, for all relevant periods to this Complaint, were covered under the FDCPA "persons" protected by the FDCPA.

63. For all relevant periods to this Complaint, Navient was engaged in collection activities for third-party debts.

64. These knowing and intentional FDCPA violations, described in this Complaint, have caused significant harm and emotional distress to Plaintiff and the FDCPA Class Members.

65. The Defendant, Navient is liable to Plaintiff, and the FDCPA Class Members for all: statutory damages under the FDCPA, punitive (treble) damages, economic damages, hedonic damages, attorney's fees, and all costs of litigation.

## FOURTH CAUSE OF ACTION
### (Invasion of Privacy and Wrongful Intrusion upon the Seclusion and Solitude of the Plaintiff)

66. Plaintiff incorporates, by reference, all of the facts pleaded in the preceding Paragraphs of this Complaint, and, in particular, Paragraph 42.

67. The unreasonable and malicious telephonic harassment of the Plaintiff, his family, and even his ex-girlfriend, over debts allegedly owed to the federal government and/or private investors, but serviced by Navient, as detailed in this Complaint, constitutes the tort of invasion of privacy (and wrongful intrusion upon the protected interest of seclusion and solitude of the Plaintiff) under Mississippi law. This Court has pendant subject-matter jurisdiction over this state intentional tort claim.

68. As a direct and proximate result of the Navient's repeated and knowing violations of the Plaintiff's protected interest of privacy (and not to have allegations of non-payment broadcast to his family, stepfather, and ex-girlfriend, etc.), the Plaintiff, Mr. Lamey, has suffered damages, emotional distress, humiliation, undue annoyance, and other injuries to be determined by the finder-of-fact at trial.

69. Plaintiff is entitled to all: economic damages, hedonic damages, punitive damages, and attorney's fees available under Mississippi tort law for this intentional tort repeatedly, and maliciously, committed on the part of Defendant.

## RELIEF REQUESTED

70. Plaintiff, on behalf of himself, individually, and all others similarly situated, request the Court to enter judgment against Defendants, as follows:

(a) An order certifying the proposed Classes and Sub-Classes, designating Plaintiff as named representative of the Classes, and designating the undersigned as Class Counsel for each of these Classes and Sub-Classes, as described in this Complaint;

(b) A declaration that Defendants are financially responsible for notifying all Class Members about the violations of law, as detailed in this Complaint;

(c) An order enjoining Defendants from further violations of the statutes and common law duties, the violations of which have been detailed extensively in this Complaint;

(d) A declaration requiring Defendants to comply with the various provisions of the, the TCPA and the FDCPA.

(e) An award to Plaintiff and the Classes and Sub-Classes for compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

(f) Any and all remedies provided under the TCPA and the FDCPA, as well as all common law and fiduciary duties owed to Plaintiff and Class Members;

(g) A declaration that Defendants must disgorge, for the benefit of the Classes and Sub-Classes, all or part of the ill-gotten profits that they have received from the violations of consumer-protection statutes or the common law and fiduciary duties, as described in this Complaint;

(h) An award of attorneys' fees and costs, as allowed by law;

(i) An award of attorneys' fees and costs pursuant to Mississippi statutory and common law;

(j) An award of pre-judgment and post-judgment interest, as provided by law;

(k) Leave to amend the Complaint to conform to the evidence produced at trial; and

(l) Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

71. Pursuant to Federal Rule of Civil Procedure 38(b), and any applicable Local Rules, Plaintiff demands a trial by jury of all issues in this action so triable.

> Respectfully,
>
> WILLIAM L. LAMEY, on behalf of himself and all of those similarly situated
>
> By: /s/ Macy D. Hanson
> Macy D. Hanson
> Attorney for the Plaintiff and Class Members

MACY D. HANSON – MS BAR # 104197
macy@macyhanson.com
THE LAW OFFICE OF MACY D. HANSON, PLLC
THE ECHELON CENTER
102 FIRST CHOICE DRIVE
MADISON, MISSISSIPPI 39110
TELEPHONE: (601) 853-9521